**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA,**                    **CASE NO.  23-CR-20005-ALTMAN**

**v.**

**OSWALDO GONZALEZ,**
                    *Defendant.*

                                                      /

## OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

Defendant, **OSWALDO GONZALEZ**, by and through undersigned counsel, files his

Objections to the Pre-Sentence Investigation Report ("PSR") as follows:

**OBJECTION TO PART A. THE OFFENSE:**
**Role Assessment - PARAGRAPH 12**
**Adjustment for the Role – PARAGRAPH 20**

Defendant adopts the objections to the PSR of co-defendant, **ORANGEL DE MORAL**

**PEREZ** and adopts, in part1, his request for a minor role for the same reasons stated.  In addition,

Defendant objects to not receiving a two (2) - level mitigating role adjustment for his participation

on the conspiracy, pursuant to U.S.S.G. § 3B1.2.  Under the factual determination evaluation

provided by Application Note 3(C) and Application $4^2$ of § 3B1.2, Molina is deserving of a minor

---

1 The court did not find that minor role applied to the co-defendant, Felix Alberto Ramon-Pascal.
2 § 3B1.2, Application 3(C): (C) Fact-Based Determination.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case. In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity. For example, a defendant who does not have a proprietary interest in the criminal

1

role, a two (2) - level reduction, after a totality of the circumstances determination of the facts of this particular case is taking into consideration.  Defendant did not have a clear understanding of the scope and structure of the criminal activity.  He had no degree of participation in planning or organizing the criminal activity as well as no decision making authority. In addition, Defendant had no influence on anyone else that had decision making authority.  Defendant's participation in the commission of the criminal activity was to assist in getting the vessel to its intended destination, a destination not of Defendant's choosing.  Defendant exercised no control of the cocaine prior to it being placed on board the vessel.  In fact, Defendant never handled the cocaine.  Defendant had no discretion in his level of participation upon agreeing to participate in the voyage.

**OBJECTION TO PART A. THE OFFENSE:**
**Acceptance of Responsibility - PARAGRAPH 16**
**Base Offense Level – PARAGRAPH 17**
**Specific Offense Characteristics - PARAGRAPH 18**
**Total Offense Level – PARAGRAPH 26**

Defendant will be providing a complete and truthful statement to the government prior to sentencing.  Upon acceptance of the statement by the government, Defendant should receive a two (2) level reduction for satisfying all the safety valve criteria pursuant to § 5C1.2(a).

If the court sustains Defendant's objection to paragraph's 12 and 20 and finds that Defendant played a minor rule pursuant to § 3B1.2, then Defendant would also be subject to a four (4) level reduction pursuant to § 2D1.1(a)(5)(iii).  Consequently, Defendant's total offense level would be at twenty-seven (27).

---

activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline. The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

**OBJECTION TO PART D. SENTENCING OPTIONS:**
**Statutory Provisions - PARAGRAPHS 56**
**Guideline Provisions – PARAGRAPH 57**

See also previous objection to paragraphs 12, 16, 17, 18, 20 and 26.  Defendant's total offense level is twenty-seven (27).  The guideline imprisonment range is seventy (70) to eighty-seven (87) months.

**OBJECTION TO PART E.**
**FACTORS THAT MAY WARRANT VARIANCE: PARAGRAPH 66**

Defendant objects to this conclusion as it flies in the face of the information contained in this very PSR and contrary to law pursuant to 18 U.S.C. § 3553 that states the factors the Court must consider when fashioning an appropriate sentence.  Defendant will at sentencing provide the reasons for the court to find that a variance is appropriate under factors contained in 18 U.S.C. § 3553.

**Law Office of Robert M. Perez, P.A.**
*Counsel for Defendant*
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133
(305) 598-8889 - Office
(305) 397-2733 - Facsimile
E-mail: rperez@rmplawpa.com

**S/Robert M. Perez..................**
**ROBERT M. PEREZ**
Florida Bar Number: 477494

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF on this 11th day of July, 2023.

**S/Robert M. Perez..................**
**ROBERT M. PEREZ**